**UNITED STATES of America, Plaintiff,**

v.

**Maurice BELL, Defendant.**

**Crim. No. 87–80648.**

United States District Court,
E.D. Michigan, S.D.

Oct. 28, 1987.

Jeff Foran, U.S. Atty., Detroit, Mich., for plaintiff.

James Hoare, Southfield, Mich., for defendant.

FINDINGS UNDER 18 U.S.C. § 3142 [*]

COHN, District Judge.

This is a pretrial detention matter. For the reasons which follow, the defendant will continue in detention until further order of the Court.

Defendant was indicted July 21, 1987 under a sealed indictment charging him with violations of 18 U.S.C. § 1962(d) (RICO conspiracy) and 21 U.S.C. § 846 (narcotics conspiracy). The events underlying the indictment occurred between December 1980 and November 1984.

Defendant was arrested on August 17, 1987 in connection with the execution of a search warrant at 3773 Monterey in the City of Detroit. The indictment was unsealed the following day. A pretrial detention hearing was held before a magistrate on August 20 and 21, 1987. At the conclusion of the hearing, the magistrate found that defendant represented a danger to the community and that there were no conditions of release which could reasonably assure the safety of the community. 18 U.S.C. § 3142(e). However, there is nothing in the record to suggest that the government or defendant actually addressed the question of appropriate conditions of release.

On September 4, 1987 defendant filed a motion for revocation of the order of detention on the grounds that:

[*] This is a revised version of the Court's bench findings of September 23, 1987.

1. he did not pose a danger to the community;

2. the magistrate relied in large part on unverified hearsay which contained no indicia of reliability; and

3. there are conditions of release which will reasonably assure the safety of the community.

The Government responded that:

1. the indictment established a rebuttable presumption of detention based on flight and dangerousness, 18 U.S. C. § 3142(e);

2. the testimony at the detention hearing supported a finding that defendant engaged in narcotics activity between December 1982 and June 1983, a period during which he was already under indictment for narcotics offenses and prior to his conviction and incarceration in June 1983;

3. the testimony also supported a finding that defendant engaged in similar activity after his release from federal custody on January 1, 1986 to a halfway house, release on parole on April 15, 1986 and completion of parole on June 28, 1987; and

4. the testimony before the magistrate "clearly" indicated that defendant's incarceration served no rehabilitative effect and "therefore, his continued narcotics activity did pose a danger to the community."

Neither party has discussed *United States v. Salerno*, 481 U.S. ——, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), which found the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (the Act), facially constitutional and held:

1. the Act operates only on individuals who have been arrested for a specific category of extremely serious offenses;

2. the Government must demonstrate probable cause to believe the charged crime has been committed;

3. in a full-blown adversarial hearing, the Government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community;

4. the Government must prove by clear and convincing evidence that the defendant presents an identified and articulable threat to the community; and

5. the Court's finding of danger to the community necessitating continued detention is intended to disable the defendant from executing the threat.

The Supreme Court pointed out in *Salerno* that detention hearings are specifically designed to further accuracy of the determination of the likelihood of future dangerousness. The defendant has a right to counsel, he may testify in his own behalf, he may present information by proffer or otherwise and he may cross-examine witnesses who appear at the hearing. In addition, the judicial officer is guided by statutorily enunciated factors, including:

1. the nature and circumstances of the charges;

2. the weight of the evidence;

3. the history and character of the defendant; and

4. the danger to the community presented by the defendant.

*See* 481 U.S. at ——, 107 S.Ct. at 2103–04, 95 L.Ed.2d at 711–12.

The Supreme Court concluded *Salerno* by recognizing that in our society, liberty is the norm and detention prior to trial, or without trial, is the carefully limited exception. The Court further noted that:

The act authorizes the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community which no condition of release can dispel.

*Id.* 481 U.S. at ——, 107 S.Ct. at 2105, 95 L.Ed.2d at 714.

Since the review of the magistrate's finding is *de novo, United States v. Delker*, 757 F.2d 1390 (3d Cir.1985), the Court took testimony over two days, September 11 and 17, 1987, and by agreement of the parties incorporated into the record the record before the magistrate. In addition, the Court

accepted into evidence the Pre-Trial Services Report, the Drug Enforcement Administration Reports of Investigations dated March 26, 1986; April 3, 1986; November 24, 1986; January 28, 1987; May 30, 1987; and July 2, 1987, and a Search Warrant Application dated June 10, 1986.

The evidentiary record before the Court displays the criminal history of the defendant and includes the testimony of several police officers. Some of this testimony is based on hearsay and additional hearsay information in the form of reports from confidential informants in the Drug Enforcement Administration reports. The Court has no way of assessing the reliability of information from confidential informants, since the agents who generated the reports did not testify. The Court has also examined *in camera* a grand jury transcript of testimony which, again, constitutes hearsay.

It is important to note the emphasis the Government places on the rebuttable presumption which the Act provides in 18 U.S.C. § 3142(e). Specifically, section 3142(e) provides for a rebuttable presumption that no combination of conditions will reasonably assure the safety of the community, because defendant has been convicted of a serious federal offense, as described in 18 U.S.C. § 3142(f), that a period of not more than five (5) years has elapsed since that conviction and that the indictment in this this case is for crimes which carry a penalty of more than ten (10) years.

It should also be noted that the Government does not assert that defendant's presence in the community is a threat to any identifiable person or that defendant will flee.

The facts as the Court finds them are as follows:

1. Defendant has a long criminal record. In 1979 he was convicted in state court of criminal sexual conduct. In 1980 he was convicted in state court for possession of heroin. In 1982 he was convicted in state court for a violation of narcotics laws. In 1983 he was convicted in federal court for a violation of 21 U.S.C. § 841(a)(1).

2. There is hearsay evidence that between December 1982 and June 1983, defendant directed the sale of jewelry he owned in order to purchase heroin and that such heroin was to be sold to obtain funds for the support of his mother.

3. There is hearsay evidence that beginning sometime in early 1986 and continuing until the time of his arrest, defendant was engaged in large-scale narcotics sales. There is no direct evidence of such dealings.

4. Beginning around August 14, 1987, federal and state law enforcement officers conducted the surveillance of a house at 3773 Monterey, in the course of which they observed defendant frequenting the house. The officers were of the opinion, which is credible, that the house was being used for narcotics trafficking. On August 17, 1987 the officers executed a search warrant. As they approached the house, defendant fled to the rear and then entered the house, where he was apprehended. At the foot of the back stairs, just after defendant ran up the stairs, a usable 9mm automatic pistol was found. Inside the house, the police found three .357 magnum pistols, an M–16–type machine gun, a shotgun, a rifle and a derringer. No narcotics were found.

Defendant did not testify and did not offer any evidence on his own behalf. He made a proffer to the effect that he has not been charged with an offense arising out of any act he has done since his release from the halfway house and that since his release from the halfway house, he has not been found in possession of narcotics.

■ The difficulty for the Court in this matter is to assess the evidence under the clear and convincing standard of 18 U.S.C. § 3142(f). Clear and convincing evidence has been defined as:

... witnesses to a fact must be found to be credible, and that the facts to which they have testified are distinctly remembered and the details thereof narrated exactly and in due order, so as to enable the trier of the facts to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.

30 Am.Jur.2d *Evidence* § 1167.

Because of the Act's clear and convincing requirement and the holding in *Salerno*

**1432**

as to the nature of the procedures to be followed, this Court is constrained to disregard much of the hearsay evidence in the record.[**] The Court therefore excludes from consideration in its determination the Drug Enforcement Administration reports and the testimony of the police officers regarding what other police officers told them. The Court accepts the personal observations of the police officers and the inferences to be drawn from such observations, as well as the criminal history record of defendant.

■ Defendant's criminal history record, coupled with his presence at 3773 Monterey, the activities at that location and defendant's conduct when the officers approached, satisfies the Court that there is clear and convincing evidence that defendant continued to involve himself in narcotics trafficking after the completion of his 1983 sentence. He therefore represents a danger to the community.

This finding evokes the rebuttable presumption that there is no condition or set of conditions which can reasonably assure the safety of the community. Since the defendant has not addressed himself to this factor, detention will continue. The Court will entertain representations from the defendant to rebut the presumption. Whether or not defendant can satisfy the Court that there is a condition, or set of conditions, which will assure the safety of the community, that is, that he will not represent a threat to the community by continuing to engage in narcotics trafficking if he is released, is an open question.

The foregoing constitutes the written findings required by 18 U.S.C. § 3142(i)(1).

---

[**] In its bench opinion, the Court expressed the opinion that hearsay evidence must always be rejected because of the clear and convincing standard. This was an error. It is likely that hearsay evidence which is trustworthy and reliable may be considered in making the required findings. The point need not be resolved at this time. *See United States v. Arvanitis,* 667 F.Supp. 593 (N.D.Ill.1987).